FELT v. TURNURE ET AL.

1. **Res Adjudicata:** JUDGMENT UPON DEMURRER. A judgment upon demurrer is a bar to another action between the same parties upon the facts, the sufficiency of which was put in issue by the demurrer.

*Appeal from Cerro Gordo District Court.*

SATURDAY, APRIL 20.

ON the 20th day of January, 1870, Wm. Felt, one of the defendants, conveyed by warranty deed to F. J. Turnure, his co-defendant, the south-east quarter of section nineteen, township ninety-seven, range nineteen, Cerro Gordo county. In 1873 plaintiff, under a contract, furnished Wm. Felt money and property to the amount of about six hundred dollars. Other sums were advanced by him during the same year. To secure the payment of such advancements to the extent of six hundred dollars, in pursuance of an arrangement between plaintiff and defendants, F. J. Turnure conveyed by warranty deed the same land to A. S. Felt, and took from him, at the same time, a bond conditioned to reconvey the same land to Turnure on the payment by Wm. Felt of the sums of money advanced him under said contract.

On April 27, 1875, in the Circuit Court of Cerro Gordo county, plaintiff obtained a judgment against said Wm. Felt for money advanced on the above named security, of two hundred and sixteen dollars, and thirty-seven dollars and twenty-five cents costs, with a foreclosure of said bond, and special execution against the land described for said sum; and in the same suit, for money and property furnished Wm. Felt during the year 1873, plaintiff obtained a further general judgment against Wm. Felt for the sum of four hundred and fifty-five dollars and fifty-eight cents, and thirty-seven dollars and twenty-five cents costs.

Plaintiff commenced this action to set aside the conveyance of 1870, above described, to F. J. Turnure, and to subject said land to the payment of the above named general judgment, claiming that said conveyance was fraudulently made, with intent to defraud prior and subsequent creditors, and that Turnure took and holds the land in secret trust for Wm. Felt's benefit, and for the purpose of placing and keeping it beyond the reach of creditors.

The defendants deny all the allegations of fraud and secret trust, and allege that Turnure was an absolute *bona fide* purchaser of said land for a full and valuable consideration, and that he holds said land as the absolute owner thereof. The defendants further claim that plaintiff became a creditor of Wm. Felt subsequently to the conveyance complained of, and with full actual notice of the same, and of all the relations between defendants in connection with said land. Appellants also plead that, in a former action between the same parties, the same issues of fraud and secret trust were tried and determined in favor of appellants, and against appellee, and said action and determination they claim as a bar to this action.

The court found that the defendant, Wm. Felt, has an equitable interest in the land in controversy, subject to principal and interest due on a mortgage executed by defendant F. J. Turnure to Caroline B. Smith, and also subject to a lien in favor of F. J. Turnure for one thousand five hundred dollars, and decreed that plaintiff have execution against said premises to satisfy the amount of his judgment against Wm. Felt, and that the premises be sold, subject to the lien of such mortgage and the claim of F. J. Turnure.

The defendant Turnure appeals.

*Hartshorn, Miller & Cleggitt,* for appellant.

*Goodykoontz & Wilber,* for appellee.

DAY, J.—On the 7th day of December, 1874, the plaintiff

Felt v. Turnure.

in this action commenced an action against the defendants herein, F. J. Turnure and Wm. Felt. The petition alleges that on the 24th of March, 1873, A. S. Felt, the plaintiff, was the owner of the southeast quarter of section nineteen, township sixty-nine, range nineteen, in Cerro Gordo county, and that on that day Wm. Felt gave to the plaintiff his note for six hundred dollars, due October 25, 1873, with interest at ten per cent, payable annually, and attorney's fees, if collected by law; that on March 23, 1873, plaintiff A. S. Felt gave to F. J. Turnure his bond, for the use and benefit of Wm. Felt, in penal sum of six hundred dollars, conditioned to convey said land to said Turnure on payment of said note. Plaintiff asks judgment for the amount of the note, interest, costs and attorney's fees, for a foreclosure of the bond and sale of the premises, and general relief.

*1. RES ADJUDICATA: judgment upon demurrer.*

The defendants answered, alleging that on and before March 24, 1873, F. J. Turnure was the owner of this land, and on said day he and his wife gave to plaintiff a deed therefor; that at said time it was agreed the deed was to be for security and a mortgage for certain sums to be furnished and advanced by plaintiff to Wm. Felt, estimated at about six hundred dollars, and for said sum said note was given as the estimated sum to be furnished, and said bond was executed on the condition, and under the agreement between the parties, that when defendant Wm. Felt paid and reimbursed plaintiff said advances to be made, the note was to be treated as paid, and plaintiff was to reconvey to defendant F. J. Turnure, and cancel said bond; that plaintiff, in summer and fall of 1873, furnished defendant Wm. Felt a team, reaper, wheat, and other articles of near six hundred dollars' value; that defendant Wm. Felt has paid plaintiff in full therefor, and paid said note. The defendant F. J. Turnure, in a cross-petition, asks that the deed be decreed a mortgage, and canceled as paid, and for a reconveyance of the land,

and that plaintiff be barred from claiming any right therein, and for general relief.

The plaintiff thereupon filed the following amendment to his petition: "States the consideration of the note was advances effected and contracted to be made by plaintiff to defendant Wm. Felt, and said note was given as a continuous security for any balances due plaintiff for such advances to be made, until Wm. Felt reimbursed plaintiff for such sums advanced, and plaintiff advanced to Wm. Felt, in 1873–4, to the amount of one thousand six hundred and eighty-five dollars and twenty cents, and there is still due six hundred and fifty nine dollars and seventy cents. That defendant Wm. Felt is, and was at the time of making said note and bond, the true owner of said land, and the defendant Turnure held title to the same in trust for said defendant Felt, and said bond was made to said Turnure for the use and benefit of said Wm. Felt, and not otherwise." The defendants denied the allegations of this amendment. The plaintiff filed a second amendment to his petition, as follows: "Alleges that on ———— day of ———— 1870, and for ten years previous thereto, defendant Wm. Felt was and had been owner of said land, and at said time said Felt conveyed the same to defendant Turnure without any adequate consideration, and in collusion and with the design to hinder and delay the creditors of defendant Wm. Felt, and with intent that said Turnure should hold the title to the same in secret trust for the use and benefit of the defendant Wm. Felt, and to prevent said premises from being seized on the debts of said Wm. Felt, and said Turnure has no valid interest therein." The defendants demurred to this amendment on the following grounds:

"1. That it does not present ground for equitable relief.

"2. Petition shows plaintiff received from Turnure a conveyance of said land, and also shows that himself made bond to Turnure, and he is estopped from disputing his deed.

"3. Pleadings do not show that he was misled or induced by misrepresentations to make the bond to Turnure."

The decree rendered in that case is as follows: "Comes now the plaintiff and files second amendment, and after due consideration the court sustains demurrer. Plaintiff excepts. After hearing evidence and argument, it is found for plaintiff, and against defendants. It is decreed that plaintiff have and recover of and from the defendant Wm. Felt two hundred and sixteen dollars and sixty-six cents, with ten per cent interest and costs, thirty-seven dollars and twenty-five cents, and that the bond be foreclosed for said amount, and special execution to issue therefor; and further decreed that, on the payment of said sum and costs, F. J. Turnure will be entitled to a conveyance of the real estate, as provided in said bond, and further decreed that plaintiff have and recover of defendant Wm. Felt four hundred and fifty-five dollars and fifty-eight cents, interest at six per cent, and costs, thirty-seven dollars and twenty-five cents, and defendants except."

The judgment of four hundred and fifty-five dollars and fifty-eight cents, recovered in that action, is the one which plaintiff now asks may be declared a lien upon the property in controversy. The parties to the two actions are the same. The real estate involved in them is the same. The plaintiff, in the former action, asks for general relief, under which prayer he would be entitled to any relief consistent with the case made in the petition. The amendment alleges that the conveyance in question, the same as that involved in this action, was made to Turnure without adequate consideration, with the design to hinder and delay the creditors of Wm. Felt. The cause was pending in a court of equity, and it can not be doubted that the court had jurisdiction to declare any general judgment which it might render against Wm. Felt to be a lien upon the property in controversy. This being the attitude of the case, the defendant presented the legal question of the right of the plaintiff to any relief predicated upon the facts alleged in the second amendment to the petition. The court held that this amendment did not present ground for equitable relief. In so holding, the court must have

been of opinion that the plaintiff had estopped himself from insisting upon the invalidity of the deed to Turnure, by accepting a deed from and executing a bond to him, or that plaintiff was not entitled to relief because he accepted the deed and made the bond, and advanced his money, with knowledge that the title was in Turnure, and, therefore, was not misled. It matters not upon what ground the court acted. The court then held that the fact that Wm. Felt conveyed to Turnure without consideration, with design to hinder and delay creditors, and with intent that Turnure should hold the title in secret trust for the use and benefit of Wm. Felt, did not entitle the plaintiff to any relief. This was an adjudication of that question by a court of competent jurisdiction. It stands yet unreversed, and we are unable to see why it is not conclusive of that question between these parties. The question has been once determined, and that determination, right or wrong, is a finality. That a judgment on demurrer will bar another action between the same parties on a cause involving the same facts see *Keater & Skinner v. Hock, Musser & Co.*, 16 Iowa, 23. See, also, Freeman on Judgments, § 255.

In this case relief is asked upon the same state of facts, substantially, as those held not sufficient to entitle plaintiff to relief in the former action. The judgment sought to be declared a lien is the same; the conveyance impugned is the same. It is alleged here, as there, that it was without consideration, with intent to hinder and delay creditors, and with intent that Turnure should hold the property in secret trust for the use and benefit of Wm. Felt.

Appellee claims, however, that the decree in the former suit showed that the issues were all found for plaintiff. If that is so, it is difficult to account for the institution of this suit. The decree taken altogether shows such not to be the case. The court found for the plaintiff so far as to hold that the note had not been fully paid as alleged by defendant, but the judgment, to the extent of four hundred and fifty-five dollars

and fifty-eight cents was not declared a lien upon the property in controversy, and the effect of the ruling upon the demurrer was to hold that the plaintiff was not entitled to have it so declared·a lien.

We think the former suit bars this action.

REVERSED.