Opinion delivered June 7, 1887.

No. 5264.

### D. T. BOMAR v. R. L. PARKER ET AL.

1. OBITER DICTA.—The declaration contained in the opinion delivered in Hughes v. Lane, 25 Texas, 356, to the effect that a judgment on demurrer is not conclusive, was not necessary to the decision of that case, and can not be maintained either on principle or on authority. A general demurrer which admits the facts stated by the plaintiff, when sustained by the judgment of the court, is as conclusive of the cause of action as if the plaintiff had proven them and a judgment had been rendered against him.

2. ACTION.—An original action which has for its object the readjudication of matters determined in a former suit between the same parties, and is based on grounds which could properly have been urged in a motion for new trial, can not be maintained, unless it is shown that the plaintiff was prevented from making his motion during the term at which the judgment sought to be set aside, was rendered. If the motion was made

and abandoned, that fact is fatal to a new suit when brought for the same purpose. If the final judgment against him was on demurrer, and the party failed either to amend or appeal, there being no sufficient cause to prevent him from so doing, he can not maintain an original action.

3. SAME—NEGLIGENCE.—See opinion for facts under which it was *held* that a party was concluded, by his negligence in the management of his motion for a new trial, from afterwards maintaining an original action for the readjudication of matters at issue in the former suit.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

The court adopted the opinion of the Commissioners of Appeals, rendered on a former appeal of this case, holding that the judgment rendered in favor of appellees on demurrer September 22, 1879, was res adjudicata of appellant's claim in this suit, and reversed the case, with leave to appellant to amend. The only substantial change in his pleading made by appellant under this leave, was to allege that after the court rendered the judgment of September 22, 1879, his counsel desired to be present when the minutes were signed and ask the court to so modify that judgment as to give him further leave to amend, or to make the judgment without prejudice to his right to bring another suit. The character of diligence exercised by appellant is shown in the opinion, which contains all that is necessary to a proper understanding of the decision.

*W. W. Wilkins*, for appellant: That the judgment on demurrer is no bar to a second action, he cited Hughes v. Lane, 25 Texas, 356.

On his proposition that if this suit cures by plaintiff's pleading mere defects in his former suit, on account of which the demurrer was sustained, then the former judgment was no bar to this action, he cited Stowell v. Chamberlain, 60 New York, 272; Gilman v. Rives, 10 Peters, 297; Bigelow on Estoppel, 22; 1 Wharton on Evidence, section 782; Gould v. Railroad Company, 1 Otto, 534; Terry v. Hammonds, 47 California, 32; Freeman on Judgments, section 263; Griffin v. Seymour, 15 Iowa, 30.

That he was entitled to have the former judgment set aside and the case tried on its merits, he cited Goodhue v. Meyers, 58 Texas, 405; Girardin et al. v. Dean, 49 Texas, 243; Stephens v. Stephens, 4 Texas Law Review, 305; Roller v. Wooldridge, 46

Texas, 485; Cowan v. Williams, 49 Texas, 380; Freeman on Judgments, sections 99, 486, 489, 491, and authorities here cited.

*Hare, Head & Hare,* for appellee, on their proposition that the effect of the judgment sustaining the demurrer in the former suit, was res adjudicata as to all matters sought to be therein litigated, they cited Parker v. Spencer, 61 Texas, 155; Dixon v. Zadek, 59 Texas, 529; Girardin v. Dean, 49 Texas, 203.

GAINES, ASSOCIATE JUSTICE. This cause was before this court on a former appeal and is reported under the title of Parker v. Spencer, 61 Texas, 155. The judgment then appealed from was affirmed as to appellee Spencer, but reversed as to the present appellant, upon the ground that the court erred in overruling the exceptions of his co-defendants in the court below to his cross bill against them. The ground of the demurrer was that the cross bill showed upon its face that there had been a former adjudication of the cause of action therein stated. The cause was remanded to allow Bomar, the present appellant, to amend. An amended cross bill having been filed in the court on the second trial, a demurrer to this was sustained and the bill dismissed, and from that judgment this appeal is taken.

The cross bill was in the nature of an original action on equitable grounds for a new trial of a certain suit of Lary et als. v. Binkley et als., in the same court in which Bomar was a party defendant, and sought to set aside a judgment rendered in that suit and to re-try the case. It set up that the present appellant who was plaintiff in the cross bill had brought a previous action to set aside the judgment, and that his suit had been dismissed on demurrer and made a transcript of the proceedings in this latter suit a part of the pleading.

We do not see that appellant's amended cross bill upon the last trial makes a better case than his original pleading which was held insufficient upon the former appeal. The only additional averments to which our attention has been called or which we have been able to discover in the amendment, are, that appellant's attorney who represented him in the second suit, after the demurrer had been sustained, and after he had declined to amend and the petition had been dismissed, intended to apply to the court for leave to amend and continue, or to have the entry of dismissal made without prejudice, but was prevented by the absence of the special judge who presided on the trial of the

cause. It is clear, that after he had declined to amend and the petition had been dismissed, the suit was determined and no leave to amend could have been granted.

On the other hand, even if it had been proper for the court to have made the dismissal without prejudice, this should have been done when the demurrer was overruled, and it was negligence not to have made known his wishes to the court at that time. Besides, it was not averred that any motion to reform the judgment had been filed. It was merely alleged that the attorney was on the watch for the special judge, who was to come back to sign the minutes of his proceedings, and that the latter returned at night and performed this duty, without the counsel's knowledge. This shows an utter lack of diligence, and it is apparent that these averments do not substantially amend appellant's statement of the cause of action set up in his original cross bill.

We have, then, to pass upon the same question which was before the court upon the former appeal. This court has held that it is not absolutely bound by its former adjudication, though rendered upon a previous appeal in the same case; but it is expressly decided that only in exceptional cases will a former ruling be departed from, upon the same question when presented a second time in the same case. (The State v. Wygall, 2 Texas Law Review, 138; Frankland v. Cassady, 62 Texas, 418; Burns v. Ledbetter, 56 Texas, 282.) Unless very clearly erroneous, the ruling made upon the first appeal should be deemed the law of the case in all subsequent proceedings. But it is insisted in argument that the former decision in this case is erroneous upon two grounds, first, because it is in conflict with Hughes v. Lane, 25 Texas, 356, in which the court say that a judgment upon demurrer is not conclusive, and second, because the record shows that the demurrers which were general and special may have been sustained on account of defects in the petition not affecting the merits of the cause of action.

The proposition laid down in Hughes v. Lane, and relied on by appellant, was not necessary to the decision of that case, and can not be maintained, either upon principle or authority. / A general demurrer admits the facts alleged in the petition, and there is no good reason why a final judgment sustaining it should not be as conclusive of the same cause of action as if the plaintiff had proved these facts, and a judgment had been then rendered against him. / His facts being admitted, he is not prejudiced by not being permitted to prove them. Why, then,

should not the judgment be as conclusive of the litigation in the one case as in the other? A satisfactory answer has not and can not be given to this question. We accordingly find that the doctrine announced in the former appeal in this case is sustained by the great weight of authority. (Wells on Res Adjudicata and Stare Decisis, sec. 446, et seq; Bigelow on Estoppel, secs. 33, 34; Freeman on Judgments, sec. 267, and cases cited by these authors; Dixon v. Zadek, 59 Texas, 529; Gould v. Railroad, 91 United States, 533.) See also the following more recent cases: Felt v. Turnure, 48 Iowa, 397; The State v. Krug, 94 Indiana, 366; Parks v. Clift, 9 Lea, Tennessee, 524; Phillips v. Wormley, 58 Mississippi, 398; City of Los Angeles v. Mellus, 58 California, 15.

This brings us to the question: Does the record show that the general demurrer was sustained? In determining this we must look, we think, to the whole record of the proceedings upon the trial. When the case was called defendants interposed a general demurrer and special exceptions to the petition, which were sustained, and plaintiff filed a trial amendment, which was held bad upon exceptions. He thereupon filed, by leave of court, a second trial amendment, and to the petition as amended a general demurrer and special exceptions were again filed. The record then shows that " the defendants' demurrers to plaintiff's pleadings, after the filing of his second trial amendment," were again sustained, and that plaintiff declined further to amend, and that judgment was rendered for defendants. In the former opinion it is said, "an examination of the pleadings in that case very clearly and distinctly shows that the court, in passing upon the demurrers, considered them as going to the merits of the case, and by the ruling held that there was no cause of action stated in the petition and amendments." This is stating the proposition pretty strongly; but we can not say the conclusion is incorrect. We think it a usual and proper practice for the trial judge, in sustaining exceptions to pleadings, to indicate the grounds of the insufficiency, so that the pleader may supply at least all formal defects. The curing of insufficiencies in matters of form, is a leading object in our liberal statute allowing amendments.

The petition, having been twice held bad, and two trial amendments having been filed, we think it but reasonable to conclude the counsel made good all formal deficiencies pointed out by the court, and that the judge did not dismiss the petition on account

of the generality of the allegations or other matter of form, but because he was of opinion that the facts stated did not show a meritorious cause of action. It follows from what we have said, that unless we depart from the rule laid down in Franklin v. Cassady, supra, we must adhere to the former decision in this case, and the judgment must be affirmed.

It seems to us, however, that there is another objection to appellant's cross bill, which is fatal to his case. It is an original action it is true, but one to which attaches the substantial conditions of a motion for a new trial. Such a suit can not be maintained without showing that the complainant has been prevented from making his motion during the time of which the judgment sought to be set aside was rendered. Hence if the motion be made and abandoned, it is fatal to a new suit when brought for the same purpose. We think, therefore, that a party who institutes an original action for a new trial, occupies no better position than one who makes his motion during the term at which the judgment is rendered, and that he should be held to the diligence of prosecuting his action to a final determination. If a demurrer to his petition be sustained and he fail either to amend or appeal, he should be held debarred of a second action. Since he can only maintain his suit by showing that he has been guilty of no laches on the former trial or in making his motion to set aside the judgment, none should be tolerated after the suit for a new trial is brought. We have found no authority upon the point, and the question is of such rare occurrence it is probable that none exists; but in the following cases an analogous principle seems to have been maintained. (Smith v. Whitmore, 1 Hemming & Miller, 576; Jones v. Burnett, 1 Brown's Par. Cases, 411.)

We find no error in the judgment and it is affirmed.

*Affirmed.*