### WELLS et al. v. STONEROCK.
### (No. 1147–5103.)

Commission of Appeals of Texas, Section A.
Jan. 23, 1929.

Taylor & Irwin and Wm. Cramer, all of Dallas, for plaintiffs in error.

R. L. Stennis, of Dallas, for defendant in error.

NICKELS, J. Wells and Collie were plaintiffs, and Stonerock was defendant in the district court. A judgment was rendered in these words:

"On this the 9th day of November A. D. 1926, came on to be heard the general ex-

ceptions of J. W. Stonerock to the First Amended Bill of Review or Bill of Equity for an injunction filed herein this day by Dr. J. T. Wells and W. M. Collie and all parties appeared by their respective attorneys; and the argument of counsel thereon being heard, it is the opinion of the court that the law is for said J. W. Stonerock.

"It is therefore considered by the Court that the temporary injunction heretofore granted herein be and the same is dissolved, and that said J. W. Stonerock go hence without day and that he recover of said Dr. J. T. Wells and W. M. Collie, jointly and severally, his costs in this behalf expended, for which he may have his execution.

"To all of which the said Dr. J. T. Wells and W. M. Collie excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, Texas; and they are given eighty days from this date in which to prepare and file any Bill of Exception or Statement of Facts."

Appeal was perfected to the Court of Civil Appeals for the Fifth District; the cause was transferred to the Court of Civil Appeals, Eighth District; and the judgment was affirmed. 1 S.W.(2d) 425.

Affirmance was rested in a holding that it does not appear in the face of the judgment (viewed with relevant presumptions) that the case was given disposition on "general demurrer." The Court of Civil Appeals recognized presentation of "a question of fundamental error" if it appeared that the trial court's action was a judgment on "demurrer." And the question now up involves construction of the judgment.

■ In the first clause of the "judgment," that which "came on to be heard" is declared to be "the general exceptions of J. W. Stonerock." In the second clause of the first sentence, it is said that "argument of counsel" was "thereon"—that is, on the matter raised by "general exceptions." And, in respect to that matter, it is immediately declared "it is the opinion of the court that the law is for said J. W. Stonerock." That which "came on to be heard," which was "argued," and touching which "the law is for J. W. Stonerock" being expressly declared to have been the "general exceptions," the first paragraph of the "judgment," separately considered, means that no other matter did "come to be heard," "argued," or considered. Expressio unius est exclusio alterius.

A like declaration initiates and pervades the second paragraph. It inheres in use of the words "it is therefore" by way of inevitable reference to what had just been stated in the first paragraph. The office which the words (immediately following "it is therefore considered by the court") of the second paragraph were intended to perform was to give finality to judicial action then being under-

taken which, according to previous recitals of immediate context, was action on the "general exceptions." And that they were competent to the purpose cannot be doubted. If it be true, and this we doubt (see Walker v. Howard, 34 Tex. 478; Bradshaw v. Davis, 8 Tex. 344; Hancock v. Metz, 7 Tex. 177; Boren v. Jack [Tex. Civ. App.] 73 S. W. 1061; Bomar v. Parker, 68 Tex. 435, 438, 439, 4 S. W. 599), as argued, that decretal of dismission would have been more appropriate to action on general demurrer than the form used, that fact would merely evidence ill choice of language by the trial judge, and its circumstantial effect could not be superior to the judge's own declaration of purpose to give final disposition on the "general exceptions." Cf. Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 690, 15 S. Ct. 733 (39 L. Ed. 859); Legrand v. Rixey's Adm'r, 83 Va. 862, 877, 3 S. E. 864.

■ Suggestion that evidence may have been heard projects apparent incongruity in the ordinary course of a court. Interposition of the "general exceptions," it is to be remembered, carried with it, from defendant Stonerock, admission of all facts well pleaded by Wells and Collie. Action on the "exceptions" was judicial declaration that the "facts," though established, were insufficient to entitle Wells and Collie to relief, and, so long as that ruling was adhered to, there was no occasion for Wells and Collie to introduce evidence, nor was there occasion, even if there were authority, for introduction of evidence by Stonerock. Cf. Bomar v. Parker, supra. So far as appears, the court's ruling was not revoked; on the contrary, it appears to have been allowed to stand finally with what amounts (as shown) to a declaration of purpose to end the case thereon. Hearing of evidence, then, would have been an idle proceeding, and, because it would have been so, it cannot be imputed to the judge in the absence of definite showing that it did, in fact, occur. That showing appeared in Texas L. & L. Co. v. Winter, 93 Tex. 560, 57 S. W. 39. The rulings in Texas L. & L. Co. v. Winter, and in the other cases cited in the opinion of the Court of Civil Appeals, urged as relevant, have relation to finality vel non of orders and not to interpretation of words used in pronouncing a judgment which unquestionably is final, whatever else its language may declare or imply, such as is the judgment before us.

■ The allowance made, in the concluding paragraph, of time to "file any bill of exceptions or statement of facts," is perhaps inapposite. Yet it does no more than repeat the terms of the statute (article 2246, R. S. 1925), and but deals with practice or procedure subsequently to occur in respect to a matter not comprehended in the judgment proper separately considered. It does not include positive recital that bill of exceptions or

statement of facts are proper; it merely refers to same "if any." Its effect in the present situation is that of circumstantial evidence of equivocal import, and its presence does not work indubitable contradiction of the more important recitals embodied in the first and second paragraphs.

In our opinion, the judgment as presented and prima facie declares or implies disposition of the case on "general demurrer."

Accordingly, we recommend reversal of the judgment of the Court of Civil Appeals and remand of the case to that court for disposition of such other questions as properly arise.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court for further consideration, as recommended by the Commission of Appeals.