## MALLAM v. TRANS-TEXAS AIRWAYS.
### No. 4666.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1949.

Norman C. Davis, Marfa, for appellant.

Jack K. Ayer, Houston, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the County Court of Presidio County. The County Judge of Presidio County certified his disqualifications in the cause, and by agreement of parties the Hon. Lucius F. Hurley was selected as County Judge to try the cause.

B. K. Mallam, as plaintiff, sought to recover from Trans-Texas Airways, a corporation, the total sum of $322.50 with interest. The trial was to the court without a jury; judgment that plaintiff recover the sum of $199.50. Plaintiff perfected this appeal.

Plaintiff's cause of action was for rent for three certain rooms in the Paisano Hotel in Marfa, Texas, at the rate of $270.-00 per month, further for forty-nine containers of coffee and seventeen containers of fruit juice furnished by plaintiff, total price $49.50. Defendant among other things pled that the contract between plaintiff and defendant was terminated by mutual assent by plaintiff's offer to rescind and abrogate same on or about November 16, 1948, and defendant's acceptance thereof.

It appears from the evidence that on or about the 28th day of July, 1948, defendant entered into a verbal contract with plaintiff that defendant was to have the use of rooms 211, 214 and 218 of the said El Paisano Hotel, located at Marfa. It further appears that plaintiff was the sole owner and manager of said hotel at said time; plaintiff owned and operated same as an ordinary commercial hotel. There was no express understanding as to the time the contract was to continue. Thereafter; on the 1st day of August, 1948, pilots and hostesses of the Trans-Texas Airways entered said rooms 211, 214 and 218, and same were used and occupied by employees of said Trans-Texas Airways from said date up to and including the 15th day of November, 1948, after which time the Trans-Texas Airways moved their said employees from said hotel, and ceased to use said rooms in any way. Under the agreement the compensation was fixed upon a monthly basis; the rooms were occupied under this contract by the hostesses and pilots of the defendant from August 1, 1948 to November 15, 1948. The Paisano Hotel provided heat, electricity and water, and no charge was made to the defendant for local telephone calls through the hotel switchboard, which such charge is normally made to other guests. There is no direct evidence that the plaintiff furnished maid service and linens for the employees of defendant occupying said rooms. If such was the fact it must be inferred from the fact that plaintiff was engaged in operating a hotel and judicial notice must be taken of the customs of hotels to furnish such services for their guests.

In the latter part of July 1948 a contract was made whereby plaintiff was to furnish defendant containers of coffee and fruit juices for use of passengers on its planes, and during the time the contractual relations subsisted between the parties during the month of November containers of coffee and fruit juices were furnished of the reasonable value of $49.50. Up to November 15, 1948 defendant seems to have paid the $270.00 a month for the rooms at the hotel as agreed upon and for the coffee and fruit juices furnished it by plaintiff.

On November 15th a representative of defendant came to plaintiff and informed him that on account of the action of the health officers it would be necessary for it to purchase fruit juice and coffee elsewhere, and in view of this fact it desired to move one half of its pilots and hostesses from the Paisano Hotel to the Crews Hotel at Marfa, and that he supposed if such were done that plaintiff would desire all the pilots and hostesses of Trans-Texas Airways to remove to the Crews Hotel; that plaintiff replied "Yes" and on the night of November 15th the pilots and hostesses of defendant moved from the Paisano Hotel to the Crews Hotel and vacated the rooms without further notice to plaintiff. Plaintiff testified that the rooms were not rented to any person during the month of November, but were kept available to the employees of defendant. The evidence fails to show

whether the rooms were furnished or unfurnished. There is no evidence that defendant had any property in said rooms.

Dick N. Richards, an employee of defendant, testified that he made the agreement with plaintiff as to the rental of the rooms; that there was no agreement as to how long such rental agreement was to last or whether it was to be from the first of the month to the first of the next month; that on November 15th he showed the plaintiff a letter from the United States Public Service, which letter stated that on the basis of an inspection of the Texas State Health Department the United States Public Health Service, a Federal agency, had advised the Trans-Texas Airways that El Paisano Hotel Coffee Shop at Marfa was not approved as a source of coffee and fruit juices to be used on Interstate carriers, and instructed the defendant to discontinue the use of such establishment as the source of supply for its airplanes; that it was necessary to expedite the carrying of personnel and coffee and juices out to the airport each morning and it was only feasible to have some of the personnel to stay where they could pick up coffee and orange juice and take it to the planes on their way to work. He asked if he could remove half of the Trans-Texas personnel to the Crews Hotel, where they could stay and also pick up the orange juice and coffee; that plaintiff said "If half of your crew goes then all must go"; that in view of plaintiff's remark about removal he then understood that the Trans-Texas personnel were to move right away.

It is the theory of the appealing plaintiff that the contract entered into between plaintiff and defendant on August 28, 1948, created the relationship of landlord and tenant between the parties; that said relationship subsisted during the month of November, 1948, and that plaintiff is entitled to recover at the rate of $270.00 per month for the period elapsing between November 15th and December 1st, 1948.

Neither party requested findings of fact and conclusions of law. It follows in passing upon the issues of this appeal it must be borne in mind that if any reasonable theory sustaining the judgment of the court appears from the evidence, findings supporting the judgment rendered must be attributed to the trial court. The drawing of any reasonable inference from the evidence was the province of the trial court. Guerra v. Rodriguez, Tex.Civ.App., 120 S.W. 593; City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038. A reasonable deduction from the evidence is, we think, that defendant by virtue of the contract did not acquire the right to exclusive possession of the rooms in question. It is true that the contract gave the right to the use of the rooms, as distinguished from the possession thereof, but a right of use does not necessarily give the right of exclusive possession. The right of exclusive possession is one of the constituting and essential elements of tenancy. 32 Am. Jur. p. 32, par. 6; 43 C.J.S., Innkeepers, § 3, p. 1138; White v. Maynard, 111 Mass. 250, 15 Am.Rep. 28. For distinction between a lodger or guest see 17 Texas Law Review, 380.

A tenant is vested with an estate in the property and on the basis thereof may maintain an action to recover its possession. A lodger or guest has not the right to maintain an action to recover possession of the room or structure furnished by the innkeeper. The evidence is ample to support the finding that plaintiff for a consideration of $270.00 per month agreed to entertain as guests or lodgers the employees of defendant. If this be correct, there was no relationship of landlord and tenant. Plaintiff was not entitled to recover as rent the amount he sought to recover, even if defendant did wrongfully refuse to proceed with the contract. The evidence failed to show that plaintiff was entitled to a greater recovery than that awarded by the trial court. It was the duty of plaintiff to minimize his damages. On the mere showing that from November 15th to December 1st he made no use of the rooms, he is not entitled to recover the amount agreed to be paid for their use in connection with the services he was required to render.

It is elementary that if evidence is susceptible of more than one construction, the construction or interpretation thereof is for the trial court. We think that the evidence is sufficient to sustain a finding in favor of defendant that by mutual assent of plaintiff and defendant the contract was abrogated on the 15th of November, 1948.

There is no error in the judgment and same is in all things affirmed.