**Affirmed and Opinion filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00073-CR

**DALE ANTHONY TATRO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No 2
Bell County, Texas
Trial Court Cause No. 2C16-05680**

## OPINION

Appellant Dale Anthony Tatro, Jr. appeals his conviction for criminal trespass. *See* Tex. Penal Code § 30.05. After a bench trial, the trial court found appellant guilty as charged in the information and assessed punishment at confinement in the Belton County jail for thirty days and a fine of $100. In one issue, appellant contends the evidence is legally insufficient to support his conviction. We affirm.

## BACKGROUND

The evidence shows that police were called to a home in Harker Heights[1] to investigate a disturbance involving criminal trespass. When responding officer Bruce Smith, Jr. arrived, he spoke with the complainant, Leanne Phillips. Phillips, the owner of the home, told Smith that an individual was in the backyard who had been asked to leave but refused to do so. Officer Smith found appellant in the backyard of the home and appellant appeared intoxicated. After some resistance, Smith placed appellant in handcuffs and took him into custody for criminal trespass. During the booking process, appellant described his address as a location in Kempner, Texas.

Appellant, who was the boyfriend of Phillips's daughter and the father of the daughter's three children, frequently stayed at the Phillips residence with Phillips, her daughter, and the three children. Phillips stated that she did not mind appellant staying at the home as long as he was not intoxicated. Phillips denied any oral or written landlord-tenant agreement with appellant, but she allowed him to stay the night "all the time," keep clothes and toiletries at the house, and cook at the house. Phillips's daughter testified that she and appellant moved into the home with their three children and that she and appellant gave Phillips money to help with the utilities, though Phillips denied that appellant ever gave her any money. Phillips gave her daughter a key to the home but denied giving appellant a key. Phillips told appellant that he was not to come to the house if he was intoxicated and "he knew that." Phillips's daughter testified that Phillips and appellant had a good relationship "off and on," and that Phillips and appellant fight when appellant is drinking.

---

[1] Harker Heights is located in Belton County, Texas. This case was transferred to this court from the Third Court of Appeals by Texas Supreme Court Transfer Order issued January 9, 2018.

On the night in question, Phillips arrived home from work to find appellant, in an intoxicated state, being dropped off at the house. Phillips went inside and locked the door, telling her daughter that appellant was outside and intoxicated. Phillips's daughter testified that she had taken appellant to a friend's house earlier in the evening because he was drinking and getting on her nerves. She did not expect appellant to come back to the house that evening. Phillips told appellant to leave; in response, appellant told Phillips to "shut up." A few minutes later appellant went in the backyard but did not leave the property. Phillips again asked appellant to leave her property, but he responded with racial slurs and would not leave. Phillips then called police, who took appellant into custody.

The State charged appellant by information with criminal trespass. Appellant waived a jury trial and entered a "not guilty" plea before the trial court. The trial court found appellant guilty as charged and assessed punishment at thirty days' confinement in the county jail and a $100 fine. This appeal followed.

ANALYSIS

Appellant challenges his conviction in one issue. Appellant argues the evidence is legally insufficient to support the trial court's judgment because appellant was a tenant, not a guest, in the home and thus Phillips had no right to ask him to leave. We conclude the evidence is legally sufficient.

## I.    Standard of review and elements of criminal trespass

When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Temple v.*

3

*State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.). During a bench trial, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). When conducting a legal-sufficiency review, we may not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *see Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Arroyo*, 559 S.W.3d at 487.

A person commits the offense of criminal trespass if the person enters or remains on property of another, without effective consent, and the person had notice that the entry was forbidden or received notice to depart but failed to do so. Tex. Penal Code § 30.05(a)(1), (2). The State alleged that appellant intentionally and knowingly entered and remained on and in the property of Phillips, the owner, without the owner's effective consent, and that appellant entered with notice that entry was forbidden and failed and refused to depart after being told to leave.

## II. Legally sufficient evidence supports appellant's conviction.

The evidence showed that appellant entered and remained on Phillips's property, that appellant had notice that entry was forbidden whenever he was in an intoxicated state, and that appellant received notice to depart from Phillips's property but failed to do so. Phillips's testimony shows that appellant remained on the property without her effective consent. The record contains no evidence that the property in question was the property of appellant, though appellant claims he had the right to remain on the property.

Appellant's legal-sufficiency challenge argument is premised upon his claim

that he was a tenant of Phillips and thus Phillips had no authority to demand that he leave. Appellant essentially argues that he had Phillips' effective consent to be on the premises by virtue of the claimed tenancy.

In resolving appellant's sufficiency challenge, we must determine whether he was a "tenant." The Penal Code does not define the term. The Property Code defines "tenant" as a person who is authorized by a lease to occupy a dwelling to the exclusion of others and, for the purposes of Subchapters D, E, and F, who is obligated under the lease to pay rent.[2] Tex. Prop. Code Ann. § 92.001(6). Caselaw also addresses the creation or existence of a landlord-tenant relationship, and provides that no particular words are necessary, "but it is indispensable that it should appear to have been the intention of one party to dispossess himself of the premises and the other to occupy them." *Brown v. Johnson*, 12 S.W.2d 543, 545 (Tex. Comm'n App. 1929).

An essential element of the creation of a tenancy is a right of exclusive possession by the tenant. *See Mallam v. Trans-Texas Airways*, 227 S.W.2d 344, 346 (Tex. App.—El Paso 1949, no writ). A right to the use of a room does not necessarily give the right of exclusive possession. *Id.* When there is evidence that the owner cares for the rooms, retains a key, or resides on the premises as part of hiring out rooms, the evidence indicates a relationship of a lodger or guest, rather than a tenant. *See Byrd v. Feilding*, 238 S.W.2d 614, 616 (Tex. App.—Amarillo 1951, no writ). Whether the evidence establishes the existence of a landlord-tenant relationship is a question of fact. *See Brown*, 12 S.W.2d at 545. Here, there is no evidence of a written or oral lease agreement between Phillips and appellant. Phillips expressly denied the existence of any lease agreement with appellant, and

---

[2] Subchapters D, E, and F involve security devices, disclosure of ownership and management, and smoke alarms and fire extinguishers respectively, and are not applicable to this case. *See* Tex. Prop. Code Ann. §§ 92.151-170, 92.201-208, 92.251-264.

her daughter acknowledged that no written lease agreement existed. Phillips denied giving appellant a key, but she did tell appellant and her daughter that appellant could stay at the home as long as he was not intoxicated. Phillips's daughter testified that Phillips did give appellant a key and that appellant lived at Phillips's house, but that appellant had another home that he used for his mailing address in Kempner. This conflict in the evidence was for the trial court, as the trier of fact, to resolve, and we presume it did so in favor of the judgment. *Arroyo*, 559 S.W.3d at 487. There was evidence that appellant kept his clothes and other items at the home, and that he had access to the kitchen to cook meals. There was no evidence, however, that appellant had a right of exclusive possession to the home or even to a room at the home. Possession exclusive to the tenant is an essential element of a tenancy. *See* Tex. Prop. Code Ann. § 92.001(6); *Mallam*, 227 S.W.2d at 346. And, even presuming appellant contributed some money to pay for utilities or bills, the mere payment of the cost of utilities is insufficient on its own to show that he was a tenant of Phillips. *See City of Tyler v. Ingram*, 164 S.W.2d 516, 520 (Tex. 1942).

Appellant also contends that a bona fide dispute between appellant and Phillips regarding appellant's right of access to the property precludes his conviction for criminal trespass. Appellant cites *Gornick v. State*, in which the Texarkana Court of Appeals held the trespass statute "does not criminalize acts that are undertaken in good faith as the proper exercise of ownership under a claimed right." 947 S.W.2d 678, 680 (Tex. App.—Texarkana 1997, no pet.) We find *Gornick* inapplicable. Even presuming for purposes of argument that appellant established a tenancy and thus had a possessory right in the premises, it was undisputed that appellant knew he was not to be at the home if he was intoxicated and that he was intoxicated on the night in question. Where the terms

6

of a lease prohibit entry under certain conditions and the tenant has notice of those conditions, the tenant can be guilty of criminal trespass. *See Munns v. State*, 412 S.W.3d 95, 102 (Tex. App.—Texarkana 2013, no pet.) (applying *Gornick* rule to tenant under sub-lease because tenant was not aware that lease prohibited overnight guests or subleases).

In sum, the record evidence shows that appellant lacked Phillips's effective consent to be on the property when he was intoxicated, that appellant was aware of this restriction yet entered the property in an intoxicated state and remained on the property in an intoxicated state even after Phillips twice gave notice to appellant to depart the property. *See* Tex. Penal Code § 30.05(a)(1), (2).

When viewed in the light most favorable to the prosecution, the evidence is sufficient for any rational trier of fact to find that the essential elements of criminal trespass were proved beyond a reasonable doubt. The evidence is legally sufficient to support appellant's conviction. Appellant's sole issue on appeal is overruled.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/     Jerry Zimmerer
        Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.
Publish — TEX. R. APP. P. 47.2(b).