**A. L. HUDDLESTON, Appellant,**

v.

**Mildred FERGESON, Appellee.**

No. 8885.

Court of Civil Appeals of Texas, Amarillo.

March 27, 1978.

**450**

John H. Mikkelsen, Vernon, for appellant.

Richard D. Bird, Childress, for appellee.

REYNOLDS, Justice.

At the instance of purchaser, the trial court, concluding that seller had breached an unconsummated contract for the sale of realty, decreed that purchaser recover the escrow deposit. The conclusion is grounded on findings that seller was unable to convey the title contracted for and to deliver possession of the realty. The evidence fails to establish a breach in either particular alleged and found. Reversed and rendered.

By a written contract executed 9 December 1975, A. L. Huddleston agreed to sell, and Mildred Fergeson agreed to purchase, the "North one-half (N½), Section No. 95, Block A, T. & N. O. Ry. Co. Survey, Foard County, Texas, containing 320 acres, more or less." Mrs. Fergeson escrowed $4,000 of the $40,000 purchase price with Huddleston's agent, conditioned that it would be paid to Huddleston as liquidated damages if she defaulted or that it would be returned to her, absent her enforcing specific performance, if Huddleston failed to fully and timely perform his obligations under the contract.

The contract obligated Huddleston to furnish within thirty days a complete abstract of title certified to a current date, obligated Mrs. Fergeson to point out in writing, within ten days after the receipt of the abstract, any objections to the title, and specifically provided that "no objection thereto shall be considered unless so pointed out." Huddleston was allowed ten days after receipt of the written objections to cure and remove any valid objections, it being recited that Mrs. Fergeson "agrees and accepts the fact that although SELLER [Huddleston] will reserve no minerals or Royalty, that said minerals and royalty may have heretofore been conveyed to third parties."

The transaction was to be consummated at a designated place on or before 23 January 1976, or as otherwise agreed by the parties. At the closing, Huddleston was required to deliver to Mrs. Fergeson: (1) a duly executed and acknowledged general warranty deed "conveying good and marketable title in fee simple to all of the Property with no mineral or royalty reservation;" and (2) possession of the property. The contract specified that it constituted the sole and only agreement of the parties.

On 23 January 1976, Mrs. Fergeson had her attorney write a letter to Huddleston's counsel. The letter admitted in evidence states that *Mr.* Fergeson is ready, willing and able to comply with the contract, but *he* insists upon assurance that *he* will be put in possession upon closing; that, until some assurance can be given and received on ingress and egress, "we must withhold closing this transaction;" and that *Mr.* Fergeson advises that Huddleston has indicated an agreement to postpone the closing until the matter might be resolved.

The record is silent as to any attempt to close the transaction after the date of 23 January 1976. The transaction was not consummated.

On 11 March 1976, Mildred Fergeson initiated this action, seeking to recover her $4,000 escrow deposit. She pleaded that while she had performed all of her contractual obligations and was prepared to consummate the contract on 23 January 1976, Huddleston had breached the contract. As particulars of the breach, she alleged that Huddleston gave her no assurance that he would or could deliver possession upon closing of the transaction; and that, although she has withheld employing counsel to examine the abstract of title, she has reason to believe that Huddleston cannot convey the title specified in the contract.

Huddleston responded with a general denial. He did not affirmatively plead any right to the escrow deposit.

At a 30 June 1977 bench trial, Mrs. Fergeson introduced the contract and the 23 January 1976 letter. The court then admitted, over the proper objection, her testimony that Huddleston promised her immediate possession upon signing the contract; that she was unable to go upon the property because one adjoining landowner

had locked the gate across the access road which was upon his land and she was not able to cross the lands of other neighbors; and that Huddleston promised to return her escrow deposit "if he couldn't get us in there." She acknowledged that her attempt to go on the land was before 23 January 1976, and she conceded that, so far as the contract provides, she was not entitled to possession until the time of closing.

During her testimony, Mrs. Fergeson admitted that the abstract of title was timely delivered to her, and that, before 23 January 1976, she never had the abstract examined and that written objections to the title based upon an abstract examination were never furnished to Huddleston. So far as she knew, a title opinion was never rendered.

Called as an adverse witness, Huddleston testified that he was in possession of the property when the contract was signed. He denied any oral agreement for immediate possession or return of the escrow deposit. Elicited, over objection, was his testimony that the minerals and royalties were outstanding.

The trial court rendered judgment decreeing that Mrs. Fergeson recover the $4,000 escrow deposit from Huddleston. At Huddleston's request, findings of fact and conclusions of law were made and filed. Upon factual findings that Huddleston was unable to: (1) "deliver to purchaser [Mildred Fergeson] possession of the property;" (2) "furnish a General Warranty Deed conveying good and marketable title in fee simple to all of the property with no mineral or royalty reservations;" and (3) "perform the contract in accordance with the terms of same," the court, "having found that defendant [Huddleston] was unable to perform the terms of the contract," concluded that Mrs. Fergeson was entitled to the escrow deposit.

Appealing, Huddleston advances six points of error, directing "no evidence" points to the findings upon which the judgment rests. He prays for reversal of the trial court's judgment and rendition of judgment that Mrs. Fergeson take nothing.

Preliminary to entertaining the points of error, it should be noted that the rights and obligations of the parties are fixed by their 9 December 1975 written contract. Mrs. Fergeson declared on the contract as written without alleging any ambiguity, accident, mistake or fraud. Huddleston entered a general denial. Hence, to recover, Mrs. Fergeson had the burden to prove that Huddleston had breached the contract as she alleged. Huddleston did not have to show that he was not in default.

By his first point, Huddleston charges the trial court with error in denying him the escrow deposit on the ground that Mrs. Fergeson failed to examine the abstract of title in accordance with the contract. The point must be overruled for two reasons.

First, Huddleston filed a general denial only; he did not plead for the relief which he says the court denied him. It is axiomatic that a judgment shall conform to the pleadings, Rule 301, Texas Rules of Civil Procedure, and a party cannot recover through a right not asserted. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 132 (1942).

Second, the contract does not provide that Huddleston shall be entitled to the escrow deposit if Mrs. Fergeson fails to timely examine the abstract of title; instead, the failure imposes on Mrs. Fergeson the penalty that no title objections shall be considered. It is, however, this feature of the contract which, together with the undisputed evidence, denies to Mrs. Fergeson the right to contend that an objectionable title is a breach of the contract.

The contractual provision for a good and marketable title inured to the benefit of Mrs. Fergeson. She was obligated to point out, and Huddleston was obligated to cure and remove, any objections to the title within the time limits imposed, and any objections not pointed out were specifically waived. Mrs. Fergeson had the right to waive defects and accept such title as Hud-

dleston had. *Lieber v. Nicholson*, 206 S.W. 512, 514 (Tex.Comm'n App. 1918, judgm't approved).

Although Mrs. Fergeson pleaded that she had performed all of her obligations under the contract, she judicially admitted in the same pleading that the abstract of title had not been examined. Her testimony constitutes a judicial admission of the same fact. The letter she authorized on the date set for closing expressed no objection to the title. She made no objection to the title until she pleaded in this action on 11 March 1976, fifty-two days after the last date provided by the contract for her objections and forty-seven days after the date set for closing the transaction.

■ Mrs. Fergeson defaulted in her obligation, thereby depriving Huddleston of an opportunity to cure any valid objections she may have had to the title. The legal effect of her default is that she cannot complain of the absence of a marketable title. *Gips v. Red Robin Corporation*, 366 S.W.2d 853, 858 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Being in default, Mrs. Fergeson waived any title objection and now is in no position to seek recovery of the escrow deposit on the ground that she objects to Huddleston's title. *Lieber v. Nicholson, supra*, at 514. Thus, there is no basis in law for the trial court's finding that Huddleston was unable to perform the contract in this respect.

The other term of the contract which the court found Huddleston was unable to perform was the delivery of possession of the property to Mrs. Fergeson. The finding is inexplicit as to time; i. e., whether at the time the contract was executed as Mrs. Fergeson was permitted to testify over objection, or at the time of closing as specified in the contract. In either event, the finding must fail under this record.

■ The court erred in not excluding Mrs. Fergeson's testimony that, contemporaneous with the execution of the contract, Huddleston promised her immediate possession or, in lieu thereof, return of the escrow deposit. This testimony would vary the terms of the contract upon which Mrs. Fergeson based her action. The purpose of reducing the agreement to writing was to definitely settle the terms and, as the contract makes explicit, to exclude all oral understandings to the contrary. *Hobbs Trailers v. J. T. Arnett Grain Company, Inc.*, 560 S.W.2d 85, 87 (Tex.1977). The testimony was violative of the parol evidence rule, a rule of substantive law, which renders inadmissible any testimony to vary the legal effect of a writing in the absence of any ambiguity, accident, mistake or fraud shown in connection with the contract. The inadmissible testimony, whether objected to or not, is without probative force and will not support any finding. *Texarkana & Ft. S. Ry. Co. v. Brass*, 260 S.W. 828, 830 (Tex.Comm'n App.1924, judgm't adopted).

■ The remaining query, then, is whether Mrs. Fergeson produced any evidence of her allegation that Huddleston would not or could not deliver possession at closing. The exact language of the contract is:

At closing, SELLER [Huddleston] shall:

\* \* \* \* \* \*

(2) Deliver to PURCHASER [Mildred Fergeson] possession of the property.

It is apparent that Mrs. Fergeson equates possession with her inability to gain access to the property prior to the date for closing; yet, the contractual language does not justify that equation. A right of ingress and egress is a right to go upon and across the land of another, *Parker v. Bains*, 194 S.W.2d 569, 574 (Tex.Civ.App.—Galveston 1946, writ ref'd n. r. e.), but the contract does not speak to that right. Rather, the contract provides that at closing Huddleston is to deliver both the prescribed deed and possession. The phrase "[d]eliver . . possession" is unaccompanied by any qualifying word to suggest that a formal act or ceremony was contemplated or to indicate the kind of possession. There is nothing to show that the parties used the phrase in a sense different from its ordinary meaning.

Long established in Texas are the principles regarding possession in connection with conveyancing. In this state, the distinction between seisin in deed and in law is not known; the legal title vests the owner with seisin and possession which he retains unless divested by actual possession taken and held by another. Thus, a conveyance by deed gives constructive possession to the grantee, who is deemed to be in actual possession even though neither the grantee nor anyone under him is actually residing on or occupying the land. *Whitehead v. Foley*, 28 Tex. 268, 289 (1866). Upon delivery of the conveyance, nothing remains to be done in order to give the grantee, as between him and the grantor, complete dominion over the property. *Rogers v. Rogers*, 15 S.W.2d 1037, 1039 (Tex.Comm'n App. 1929, holdings approved). Consequently, unless the circumstances indicate otherwise, actual occupation is not necessary to constitute possession. *Johnson v. Perkins*, 140 S.W.2d 282, 284 (Tex.Civ.App.—Beaumont 1940, writ dism'd judgm't cor.).

The only evidence of possession of the property is that Huddleston was in possession of it. It follows that Huddleston's delivery of his deed would deliver possession of the property within the meaning of the language of the contract. There is no evidence that Huddleston was unable, or refused, to deliver his deed on the date set to consummate the contract. Hence, there is no evidence to support Mrs. Fergeson's allegation and the court's finding that Huddleston was unable to perform the contract in this regard.

Accordingly, Huddleston's points two through six, inclusive, are sustained. This action dictates that the trial court's judgment must be reversed and, pursuant to Rule 434, Texas Rules of Civil Procedure, the judgment the trial court should have rendered must be rendered.

The judgment of the trial court is reversed. Judgment is here rendered that Mildred Fergeson take nothing by this action against A. L. Huddleston.