The HARTFORD INSURANCE
COMPANY, Appellant,

v.

COMMERCE & INDUSTRY
INSURANCE COMPANY,
Appellee.

No. 01–92–01166–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1993.

Rehearing Denied Nov. 18, 1993.

Jack McKinley, Hirsch, Glover, Robinson & Sheiness, Houston, for appellant.

Cowles & Thompson, Charles T. Frazier, Jr., R. Brent Cooper, Paul Scott Summy, Judith H. Winston, Dallas, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and HEDGES, JJ.

**OPINION**

OLIVER–PARROTT, Chief Justice.

This is an appeal from the granting of a take-nothing summary judgment in favor of Commerce & Industry Insurance Company (C & I) against The Hartford Insurance Company (Hartford).

C & I issued three insurance policies insuring Roll Form Products, Inc. These policies will be referred to as 1) the business auto policy, 2) the general liability policy, and 3) the Texas comprehensive auto policy. Hartford issued an umbrella policy that insured Roll Form up to five million dollars in excess of the limits of the C & I policies.

The primary question before the Court is whether the coverage afforded by the form Texas comprehensive auto policy can be limited by the manner in which the form is completed, or whether the "any auto" paragraph prohibits any attempted limitation. We find that the "any auto" paragraph extends coverage to any auto operated by the named insured, but does not prohibit the limitation of coverage to only those vehicles

specifically designated on the form when not operated by a named insured.

On December 13, 1985, an accident occurred. The plaintiff, an employee of a trucking company, trucked a load of steel from Roll Form's plant in Texas to New Orleans. As the steel was being unloaded, it fell on the plaintiff, rendering him a quadriplegic.

The driver sued Roll Form, alleging negligence and strict liability. C & I paid one million dollars under the general liability policy to settle the claim. Hartford contributed $2,897,036 under the umbrella policy. Pursuant to the terms of the umbrella policy, Hartford became subrogated to Roll Form's rights under the C & I policies. Hartford then filed suit against C & I, claiming that C & I should have paid an additional $1,000,000 under the comprehensive auto policy.

C & I filed a motion asserting two grounds for summary judgment. First, it asserted that its three policies did not provide overlapping coverage and that a single payment of its limits under any of the policies satisfied its obligation. Second, it asserted that the comprehensive auto policy covered only autos owned by Roll Form and did not cover "hired" or "non-owned" autos such as the one involved in the accident. The trial court granted C & I's motion.

Appellant argues that the trial court erred in granting the summary judgment because 1) the Texas comprehensive auto policy covers any auto, 2) the summary judgment evidence establishes that C & I collected a premium under the Texas auto policy for hired and non-owned auto coverage, and 3) payment by C & I under one policy does not preclude payment under another. The trial court granted C & I's motion for summary judgment without specifying the ground upon which it relied.

The standard of appellate review for a summary judgment is whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985).

The defendant-movant has the burden to show that there is no genuine issue of

material fact regarding one or more elements of the plaintiff's cause of action and that it is entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548–49; *Interstate Fire Ins. Co. v. First Tape, Inc.,* 817 S.W.2d 142, 144 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Evidence favorable to the nonmovant will be taken as true in determining whether there exists a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be given in favor of the nonmovant and any doubt resolved in its favor. *Nixon,* 690 S.W.2d at 548–49. Where a summary judgment does not state the grounds on which it was granted, as in this case, the appellant must show that each of the grounds alleged in the motion was insufficient to support the judgment. *Woomer v. City of Galveston,* 765 S.W.2d 836, 837–38 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Thus, appellant must show that the policies issued by C & I provided overlapping coverage, and obligated C & I to pay its limits under more than one policy, and that the Texas comprehensive auto policy covered "hired" and "non-owned" automobiles.

In the first point of error, appellant asserts that the trial court erred in granting the summary judgment because the Texas comprehensive auto policy covers "any auto" and thus included "hired," "owned," and "non-owned" autos. It relies on the following clause:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (c) bodily injury or (d) property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading of any automobile.

C & I argues that another clause limits the coverage afforded and states as follows:

> The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein subject to all the terms of this policy having reference thereto.

C & I concludes that the policy provides that only those autos for which the insured has paid a specific premium are covered, and that premiums were not paid for "hired" or "non-owned" autos. Thus, the parties dispute how the policy should be interpreted.

 In analyzing a contract, the court's primary concern is to determine the true intentions of the parties as expressed in the writing. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). To do this, courts have a duty to interpret the contract as a whole, and consider each part so as to give them effect and meaning, rendering no part meaningless. *Id.* In the absence of any ambiguity, accident, mistake, or fraud shown in connection with the contract, the parol evidence rule "renders inadmissible any testimony to vary the legal effect of a writing[.]" *Huddleston v. Fergeson,* 564 S.W.2d 448, 452 (Tex.Civ.App.—Amarillo 1978, no writ). The inadmissible testimony, objected to or not, is "without probative force and will not support any finding." *Id.; see Texarkana & Ft. S. Ry. Co. v. Brass,* 260 S.W. 828, 830 (Tex.Comm'n App. 1924, judgm't adopted).

In *Foremost County Mutual Ins. Co. v. Home Indemnity Co.,* 897 F.2d 754 (5th Cir. 1990), the Fifth Circuit interpreted an insurance policy containing the clause "any auto" and discussed the impact of that clause. *Id.* at 756. Eli Butler and his company held a general liability policy covering owned autos issued by The Home Indemnity Company (Home) and a physical damage policy issued by Foremost County Mutual Insurance Company (Foremost). *Id.* at 755. Home's policy had the clause "any automobile." *Id.* at 756. Butler was sued by the estate of Mario Porcayo after Porcayo was killed when Butler struck Porcayo while driving a motorhome. *Id.* at 755. Foremost eventually settled its claims with the Porcayos and then sought subrogation or contribution from Home. *Id.* at 756. Home argued that coverage was not provided for the motorhome because it was not on the schedule of owned autos. *Id.* Foremost claimed that Home was a co-insurer *since Butler was a named insured* and Home's policy covered "any auto." *Id.* at 757. The Fifth Circuit interpreted the phrase literally and held that Butler, as a

named insured, was afforded coverage of all automobiles. *Id.* at 756–57.

█ We agree with the Fifth Circuit. An auto *driven* or *owned* by the named insured would be covered regardless of whether it was on the schedule of autos. If the auto in the underlying suit in this case were driven or owned by Roll Form, the auto would be covered; however, the auto was not owned or operated by Roll Form.

In its decision, the Fifth Circuit stated that coverage under the policy could be qualified by the type of the auto being used and could be limited to just owned automobiles. *Foremost*, 897 F.2d at 757. That is what the policy in this case does.

At the top of the policy, there is a section that has three columns entitled "coverages," "limits of liability," and "advance premiums." The limits of liability for bodily injury is $1,000,000 for each person and $1,000,000 for each occurrence. The limit for property damage is $1,000,000 for each occurrence. In the column for advanced premiums, "Incl." is typed next to "bodily injury" and "property damage." "Incl." clearly is an abbreviation for "included."

Under the "coverages" section is a description of hazards: "Owned Automobiles," "Hired Automobiles," and "Non–Owned Automobiles." To the right of the description of hazards is a column labeled "Advance Premiums" with "BI" (bodily injury) and "PD" (property damage) in subcolumns below it. This indicates that the coverage under this policy is classified by the hazard. "Incl." is typed under "BI" and "PD" only in the "Owned Automobiles" section. Clearly, the parties intended to cover only hazards for which a premium was paid—owned automobiles.

Other portions of the policy also establish that only owned automobiles were intended to be covered. The "Automobile Medical Payments Insurance Form A" included a designation of automobiles with boxes for owned automobiles, hired automobiles, and non-owned automobiles. The only box containing a check mark is the one next to "owned automobiles." There are similarly designated spaces on the uninsured-underin-

sured motorist coverage form. Again, the only space with a check mark is the one next to "owned automobiles."

Appellant also argues that Texas insurance regulations prevent the limiting of the coverage afforded by a comprehensive auto policy to incidents involving "owned" automobiles. Appellant, however, cites no regulations or other authority in support of this contention, and we find none.

█ The contract is not reasonably susceptible to more than one meaning concerning the coverage afforded, and thus is not subject to strict construction against the insurer. *See Tumlinson v. St. Paul Ins. Co.,* 786 S.W.2d 406, 408 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The contract provides coverage for bodily injury and property damage arising only from incidents involving "owned automobiles." The parties do not dispute that the truck in question was not an "owned automobile;" therefore, appellee was entitled to summary judgment as a matter of law.

We overrule the first point of error.

█ In appellant's second point of error, it alleges that the trial court erred in granting the summary judgment because the summary judgment evidence establishes that C & I collected a premium under the Texas comprehensive auto policy for hired and non-owned autos. Appellant argues that the premium paid was composite rate and included a premium for hired and non-owned automobiles. The face of the contract does not give any indication that a composite-rated premium includes a premium for non-owned and hired automobiles. The composite rating form states that the rating is done in accordance with the company's rules and that "Nothing herein contained shall be held to waive, vary alter or extend any condition or provision of the policy. . . ." Because the writing is not ambiguous, parol evidence regarding the calculation of the premium may not be considered. *Huddleston*, 564 S.W.2d at 452.

We overrule the second point of error.

Because appellant has been unsuccessful in showing that one of the grounds alleged in

the motion was insufficient to support the judgment, we need not address point of error three, which attacks the remaining ground. *See Woomer,* 765 S.W.2d at 837.

The judgment of the trial court is affirmed.