In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00071-CV
______________________________


SHARWARD TILLISON, D/B/A TILLISON HOUSE MOVING, Appellant
 
V.
 
FREDDIE LEE BAILEY, Appellee


                                              

On Appeal from the County Court at Law
 Gregg County, Texas
Trial Court No. 2002-1926-CC


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            The deal to transfer ownership of a house and to move it onto the purchaser's lot did not go
as either party had initially envisioned.
            Freddie Lee Bailey purchased a Longview, Texas, house from professional house mover
Sharward Tillison. As part of the purchase, Tillison agreed to move the house to Bailey's lot. 
Tillison moved the house to Bailey's lot, but later repossessed


 it when a dispute arose concerning
payments, permits, and other particulars.


 Bailey sued Tillison for breach of contract, and a jury
awarded Bailey $20,000.00 in damages. The trial court reduced the damages award to $9,250.00.
            Tillison appeals, contending that the evidence is insufficient to support the jury's findings,
that the jury was allowed to consider improper parol evidence, and that the jury's award of damages
was excessive. We affirm the trial court's judgment because (1) the jury's findings are supported by
legally and factually sufficient evidence, (2) the challenged evidence was not admitted in violation
of the parol evidence rule, and (3) the trial court has appropriately reduced the excessive jury award.
(1)       The Jury's Findings Are Supported by Legally and Factually Sufficient Evidence
            Tillison contends there is no evidence, or alternatively the evidence is factually insufficient,
to support the jury's finding that Tillison breached the contract. Also, Tillison contends the jury's
determination that Bailey did not breach the contract is against the great weight and preponderance
of the evidence. We find the evidence is both legally and factually sufficient to support the jury's
determinations.
            In determining a no-evidence issue, we are to consider only the evidence and inferences that
tend to support the finding and disregard all evidence and inferences to the contrary. Bradford v.
Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450
(Tex. 1996). Anything more than a scintilla of evidence is legally sufficient to support the finding. 
Cazarez, 937 S.W.2d at 450. More than a scintilla of evidence exists if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. 
Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
            When considering a factual sufficiency challenge to a jury's verdict, we must consider and
weigh all of the evidence, not just that evidence which supports the verdict. Mar. Overseas Corp.
v. Ellis, 971 S.W.2d 402, 406–07 (Tex. 1998). We can set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. Id.; Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We are not a fact-finder. Accordingly, we may not pass
on the witnesses' credibility or substitute its judgment for that of the jury, even if the evidence would
clearly support a different result. Ellis, 971 S.W.2d at 407.
            The jury found by a preponderance of the evidence that Tillison breached the contract for the
sale of the house. Tillison does not dispute that a contract existed which required him to deliver the
house to Bailey's property. Nor does he dispute that, after moving it to Bailey's property, he later
repossessed the house and moved it elsewhere. Rather, Tillison appears to assert that he was
excused from performance because Bailey was the first to breach. He asserts Bailey violated the
terms of the contract by failing to obtain a building permit, or alternatively by failing to pay Tillison
in the amount and time specified in the contract.
            The written agreement signed by both Bailey and Tillison unambiguously states, "Buyer will
get permit for building and repairs, movers will provide all others." Tillison, the seller, procured the
moving permit, but Bailey, the buyer, did not get the building permit. 
            Ordinarily, a breach of reciprocal promises in a contract by one party excuses performance
by the other party. Shaw v. Kennedy, Ltd., 879 S.W.2d 240, 247 (Tex. App.—Amarillo 1994, no
pet.).   In this contract, however, there is no specified deadline for obtaining a building permit. As
a rule, time is not "of the essence" in performing a contract unless the contract so specifies, and a
party's failure to perform by some arbitrary date not contained in the contract is not a breach of
contract. HECI Exploration Co. v. Clajon Gas Co., 843 S.W.2d 622, 633 (Tex. App.—Austin 1992,
writ denied). Where a contract does not provide a time for performance, the law will imply that
performance must occur within a reasonable time. Pearcy v. Envtl. Conservancy of Austin and Cent.
Tex., Inc., 814 S.W.2d 243, 246 (Tex. App.—Austin 1991, writ denied). What time is reasonable
varies depending on the facts and circumstances as they existed when the contract was formed. Id. 
Factors include the nature and character of the performance required and the difficulty of
accomplishing it, as well as the purpose of the agreement. Id.
            The jury could have reasonably concluded Bailey did not have a reasonable time to secure
the building permit before Tillison removed the house. Bailey testified that he was in the process
of getting the building permit when he discovered he could not get a permit on his own. A Longview
city ordinance required the person applying for the building permit to be a licensed contractor. So,
Tillison obtained an unsigned permit on Bailey's behalf. But before Bailey could meet with Tillison
to sign the permit, Tillison removed the house from Bailey's property. The evidence suggests that
Bailey tried to obtain a permit as quickly as possible. The jury could have reasonably found that
Tillison first breached the contract by removing the house before Bailey had a reasonable time to
fulfill his obligation to get a building permit.
            Tillison also contends Bailey first breached the contract by failing to pay him $6,500.00,
although Tillison delivered the house to Bailey's property as originally agreed. The evidence shows,
however, the two parties modified the terms of payment. Just as parties to a contract can make it
originally, they may modify the contract. Mid Plains Reeves, Inc. v. Farmland Indus., Inc., 768
S.W.2d 318, 321 (Tex. App.—El Paso 1989, writ denied). A modification must satisfy the elements
of a contract: a meeting of the minds supported by consideration. Hathaway v. Gen. Mills, Inc., 711
S.W.2d 227, 228 (Tex. 1986).
            Bailey testified that he contacted Tillison before he moved the house and offered to pay him
$3,250.00—that is, half of the remaining sum—on delivery of the house, and pay the rest in $100.00
monthly payments. In consideration for the modification, Bailey agreed to pay Tillison $500.00
more than originally agreed, a total of $13,000.00. This agreement was memorialized in writing,
reflecting a balance owed by Bailey to Tillison of $3,750.00—the total of the $3,250.00 left to be
paid on the original agreement, plus the $500.00 in consideration for the modification. And Tillison
delivered the house.
            While Tillison testified that he did not agree to a modification of the contract, he admitted
that Bailey paid him the additional $3,250.00 and that he added $500.00 to the remaining balance
of $3,250.00. Based on this, the jury could have concluded that Tillison agreed to the modification. 
Because there is evidence the parties modified the payment terms of the original contract, and
evidence that Bailey fulfilled his obligation under the modified terms, the jury could have reasonably
concluded that Bailey did not breach the contract by failing to pay Tillison $6,500.00 on delivery as
originally agreed.
            By Tillison's own admission, he removed the house from Bailey's property. The jury could
have concluded, under the evidence, that such action violated the terms of the modified contract. 
The evidence also supports a finding that Tillison was the first to breach a condition of the contract. 
After reviewing all of the evidence in the record, including that already discussed, we find that the
jury's determination is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Accordingly, we find the evidence is factually sufficient to support the jury's
determination that Tillison breached the contract. We also find sufficient evidence supports the
jury's determination that Tillison was the first to breach the contract, thereby excusing Bailey from
further performance. See Shaw, 879 S.W.2d at 247.
(2)       The Challenged Evidence Was Not Admitted in Violation of the Parol Evidence Rule
            Tillison contends the jury was improperly allowed to consider parol evidence in violation of
the parol evidence rule. He first asserts the trial court should not have allowed parol evidence of the
modification to the payment terms. The parol evidence rule precludes consideration of extrinsic
evidence to contradict, vary, or add to the terms of an unambiguous written agreement, absent fraud,
accident, or mistake. Hudson Buick, Pontiac, GMC Truck Co. v. Gooch, 7 S.W.3d 191, 198 (Tex.
App.—Tyler 1999, pet. denied). The general rule is that evidence which is admitted in violation of
the parol evidence rule, whether objected to or not, is incompetent and without any probative force
to support any finding. See, e.g., id.; Herbert v. Polly Ranch Homeowners Ass'n, 943 S.W.2d 906,
910 (Tex. App.—Houston [1st Dist.] 1996, no writ); Huddleston v. Fergeson, 564 S.W.2d 448, 452
(Tex. App.—Amarillo 1978, no writ); see also Texarkana & Fort Smith Ry. Co. v. Brass, 260 S.W.
828, 830 (Tex. Comm'n App. 1924, judgm't adopted). This is so because the parol evidence rule "is
not merely a rule of procedure but is one of substantive law." Brass, 260 S.W. at 830; King v.
Fordice, 776 S.W.2d 608, 612 (Tex. App.—Dallas 1989, writ denied). 
            Contract modification may be proved by direct testimony, or by implication from the conduct
of the parties and the particular facts and circumstances of the case. Here, Bailey did not offer
testimony to vary or contradict the terms of the contract, but rather offered evidence to prove the
existence of a subsequent modification to the contract. Therefore, admitting testimony and evidence
relating to the modification did not violate the parol evidence rule.
            Tillison also asserts that the jury was improperly allowed to consider parol evidence relating
to the contract provision concerning the parties' responsibilities for obtaining permits. Tillison
contends that Bailey attempted to introduce evidence showing that, contrary to the plain terms of the
written agreement, Tillison was responsible for securing a building permit. Tillison has not cited
the record to identify the evidence of which he complains. Regardless, even if such evidence was
improperly admitted, the point is immaterial. As discussed above, the jury could have reasonably
concluded that Bailey was responsible for securing the building permit, in accordance with the
written agreement, but did not breach because he was not allowed a reasonable time to perform his
obligation. Therefore, even if we ignore any parol evidence tending to show that Tillison was
subsequently made responsible for obtaining the building permit, the jury's verdict is still supported
by the evidence.
(3)       The Trial Court Has Appropriately Reduced the Excessive Jury Award
            Next, Tillison asserts the jury's finding of damages was against the great weight and
preponderance of the evidence. The jury awarded Bailey $20,000.00 in damages. Tillison contends
that the evidence supports an award of only $9,250.00—the amount which Bailey actually paid
Tillison. But the trial court reduced the jury's award to $9,250.00, rendering this point moot. 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 1, 2006
Date Decided:             May 26, 2006



ring. Allen's final point
of error is overruled.
          We affirm the trial court's judgment.



                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      January 5, 2004
Date Decided:         February 19, 2004