**Opinion issued March 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00305-CV

————————————

**GRIMES COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**JAMES SCOTT HARVEY, JR., Appellee**

---

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Case No. 34289**

---

## O P I N I O N

Grimes County Appraisal District appeals the denial of its plea to the jurisdiction in a tax appraisal suit, arguing that the property owner's failure to pay any property taxes before the statutory delinquency date forfeited the property owner's ability to seek judicial review. The property owner, James Harvey, argues

that his payment of zero dollars complied with the minimum payment requirement and, even if it did not, the actions of the Grimes County Appraisal Review Board conferred jurisdiction on the trial court. Rejecting both arguments, we conclude that the trial court lacked jurisdiction to review Harvey's appraisal suit.

We reverse the trial court's denial of Grimes County Appraisal District's plea to the jurisdiction and render judgment dismissing the case for lack of subject-matter jurisdiction.

## Background

James Harvey owns 91 acres in Grimes County. In the 2015 tax year, his property was taxed at the reduced rate for lands used for agricultural purposes. His levied taxes equaled $138.13. In early 2016, the Grimes County Appraisal District (GCAD) initiated a reapplication process because it appeared that Harvey's land was no longer being used for agricultural purposes. Harvey filed an application to continue at the reduced agricultural-use rate, and GCAD denied his application. Harvey's 2016 levied taxes were $8,855.16.

Harvey concedes that he did not make any tax payment by the statutory delinquency date of February 1, 2017. *See* TEX. TAX CODE § 31.02(a) (providing that "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed"). Although he made

no tax payment, Harvey filed a protest with Grimes County Appraisal Review Board (ARB).

The ARB scheduled a hearing. In the presence of all parties, but before any evidence was received, the ARB announced that it was dismissing Harvey's protest for lack of jurisdiction based on the GCAD records indicating that Harvey made no tax payment by the February 1 statutory deadline. *See id.* § 42.08(b) (requiring property owner who appeals tax determination to pay statutorily determined minimum tax payment "before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal" and providing means to establish amount of minimum payment). The ARB issued a notice of dismissal, advising that it "lacks jurisdiction to determine the protest and hereby dismisses the protest."

Harvey filed suit in district court, seeking review of the agricultural-exemption denial. GCAD filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction because Harvey failed to pay any taxes by the February 1 deadline, failed to exhaust his administrative remedies, and had no appealable order subject to judicial review. The trial court denied GCAD's plea to the jurisdiction, and GCAD appeals.[1]

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing interlocutory appeal of court order that grants or denies plea to jurisdiction by governmental unit).

**Trial Court Lacked Jurisdiction**

In its first issue, GCAD argues that the trial court erred in denying its plea to the jurisdiction because Harvey's failure to pay any property taxes by the delinquency date deprived the trial court of subject-matter jurisdiction.

**A.      Applicable law and standard of review**

Unless certain exceptions apply, the statutory delinquency date for payment of property taxes is February 1. TEX. TAX CODE § 31.02(a). To be eligible to appeal an appraisal determination, a property owner is required to have paid a minimum amount of taxes by the delinquency date. *Id.* § 42.08(b); *Welling v. Harris Cty. Appraisal Dist.*, 429 S.W.3d 28, 32 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The minimum tax payment is calculated in one of three ways, but the parties agree that, in this case, the amount Harvey owed by February 1 was the "taxes due on the portion of the taxable value of the property that is not in dispute." TEX. TAX CODE § 42.08(b)(1).

Compliance with Section 42.08's payment deadline "'is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights.'" *U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ)).

A taxing authority may file a plea to the jurisdiction to challenge a taxpayer's failure to exhaust administrative remedies and the trial court's subject-matter jurisdiction. *Harris Cty. Appraisal Dist. v. ETC Marketing, Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (holding that appellate court reviews trial court's ruling on plea to jurisdiction de novo); *U. Lawrence*, 368 S.W.3d at 23 (reviewing de novo grant of plea to jurisdiction based on failure to comply with Tax Code section 42.08).

**B.      Harvey failed to comply with Section 42.08 by timely submitting a minimum tax payment**

Harvey concedes that he did not make a 2016 tax payment before February 1, 2017. Nonetheless, he argues that his payment of zero dollars complies with Section 42.08(b)(1) because "there is no way to know the 'portion not in dispute'" until the agricultural-use exemption has been finally determined. In other words, according to Harvey, "without a proper hearing on all of [his] claims, the entire amount is in dispute," leaving the amount that is not in dispute equal to zero dollars. We cannot agree.

Harvey's underlying contention is that his land has benefitted from an agricultural-use exemption in past years and continued to qualify for the exemption for the 2016 tax year. Under the exemption, Harvey's recent property tax bills have

been between $100 and $200 annually. It was $138.13 in the 2015 tax year. Harvey expressly "does not argue [he] owes zero dollars" in 2016 property taxes. He agrees he owes some amount in taxes. Thus, there was some amount of taxes that were due and undisputed. Yet Harvey paid nothing—not even an estimate of the amount that would have been due had he continued to benefit from the agricultural-use exemption he sought.[2] Accordingly, Harvey failed to meet the minimum payment requirement of Section 42.08.

Harvey argues that we must conclude his payment of zero dollars satisfied Section 42.08 because tax statutes are to be liberally construed in the taxpayer's favor. *See U. Lawrence*, 368 S.W.3d at 26. However, Harvey also states that Section 42.08 is "unambiguous" in its requirement that the undisputed portion of the tax liability is due by the delinquency date, and he agrees that he would have owed taxes for the 2016 tax year even if he fully prevailed on his claim for an agricultural-use exemption. With those concessions, we fail to see another, more lenient construction of Section 42.08 that would allow nonpayment of admittedly owed taxes. *Cf. EXLP Leasing, LLC v. Webb Cty. Appraisal Dist.*, 511 S.W.3d 227, 230–32 (Tex. App.—San Antonio 2015, pet. denied) (concluding, under different facts, that undisputed amount of tax liability was zero dollars because

---

[2] The Grimes County Chief Appraiser and Tax Assessor-Collector, Mark Boehnke, submitted an affidavit with GCAD's plea to the jurisdiction. Boehnke averred that, had Harvey's property continued to benefit from the same exemption in 2016, "the tax liability on the subject property for that tax year would have been $150.28."

taxpayer contended that he had no taxable property within jurisdiction of taxing authority and, as a result, no tax liability).

Harvey failed to meet the minimum payment requirement and, as such, forfeited his right to seek review of his tax appraisal. *See* TEX. TAX CODE § 42.08(b); *see also Welling*, 429 S.W.3d at 33–34. Harvey's failure to pay the minimum undisputed amount of levied tax by the delinquency date forfeited subject-matter jurisdiction over Harvey's suit in the trial court. *See U. Lawrence*, 368 S.W.3d at 23, 27 (stating that courts "have repeatedly held that if the property owner does not pay any portion of the assessed taxes by the delinquency date"— which is "a jurisdictional prerequisite to [the] district court's subject matter jurisdiction"—Section 42.08(b) is not met).

## C. Harvey cannot otherwise establish jurisdiction based on ARB actions

Harvey alternatively argues that he is relieved of complying with Section 42.08(b) because the ARB's actions in processing his protest conferred jurisdiction on the district court to consider the merits of his appraisal challenge. Specifically, he argues that by "sending [him] a Notice of Protest Hearing, allowing the Protest Hearing to commence, and issuing a final order," the ARB conferred jurisdiction regardless if Harvey otherwise exhausted his administrative remedies. Harvey relies on *Cooke County Tax Appraisal District v. Teel*, 129 S.W.3d 724, 729 (Tex.

App.—Fort Worth 2004, no pet.), and the wording of the ARB's form dismissing his protest to support his argument.

In *Teel*, the county's appraisal review board denied a property owner's protest seeking an agricultural-use land valuation. *Id.* at 726. The board issued an order finding that it had jurisdiction and denying the protest on the merits. *Id.* at 727. The property owner appealed, and the trial court entered judgment in the property owner's favor, granting the requested agricultural-use valuation. *Id.* at 726–27. The taxing authority appealed to an intermediate appellate court, arguing that the trial court had lacked jurisdiction because the property owner did not meet statutory requirements to pursue a protest. *Id.* at 728.

The appellate court noted that the board had accepted the filed protest, conducted a hearing, and made specific findings that the protest was timely and that the board had jurisdiction. *Id.* Even if the board could have dismissed the taxpayer's protest for failure to comply with statutory requirements, it did not. *Id.* Instead, it issued an order resolving the protest on its merits. *Id.* According to the appellate court, on these facts, the board's order was a determination of a protest, which, under Section 42.01, conferred jurisdiction on the district court. *Id.* at 728–29; *see* TEX. TAX CODE § 42.01(a)(1)(A).

Harvey argues that the ARB order issued in response to his protest likewise conferred jurisdiction. He notes that the document's title includes the phrase "order

8

determining protest" and its body includes a statement that "the ARB has determined" matters "[a]fter considering the evidence and arguments presented at the hearing." He further notes that the order concludes with the statement, "Based on the evidence, the ARB makes the following determination(s) as indicated by an X mark . . . ." Harvey argues that these phrases, collectively, indicate that the ARB determined his protest, which conferred jurisdiction on the district court to review his appraisal suit on the merits.

But Harvey omits from his description of the ARB order several other determinative phrases. While the order's title includes the phrase "order determining protest," that is not its full title. Instead, it is entitled "Order Determining Protest or Notice of Dismissal." The title of the form unambiguously conveys that the form is used for dual purposes: either to issue findings in connection with a determination of a protest or to dismiss a protest. *See Samano v. Sun Oil Co.*, 621 S.W.2d 580, 585 (Tex. 1981) ("The word 'or' in its ordinary use is disjunctive . . . . A disjunctive expresses an alternative."); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 116 (2012) (discussing conjunctive/disjunctive canon of interpretation).

On Harvey's ARB form, the only determination marked with an "X" states, "The ARB lacks jurisdiction to determine the protest and hereby dismisses the protest." The ARB unambiguously dismissed Harvey's protest for lack of

9

jurisdiction. That the ARB uses a single form to determine protests on their merits and to dismiss protests for lack of jurisdiction does not negate the specific, unambiguous finding announced in this ARB order that the ARB lacked jurisdiction. *See Hartford Ins. Co. v. Commerce & Industry Ins. Co.*, 864 S.W.2d 648, 651 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (concluding that multi-purpose form with only one checked box did not address alternative, unchecked scenarios); *see also Abraham & Co., Inc. v. Mansour Rahmanan & Co., Inc.*, No. 14-96-01120-CV, 1998 WL 93743, at *5 (Tex. App.—Houston [14th Dist.] Mar. 5, 1998, no pet.) (mem. op., not designated for publication) (rejecting argument that multi-purpose form was issued for alternative purpose when only one purpose was selected).

Harvey does not dispute that his protest was subject to dismissal. Nor does he dispute that GCAD "dismissed the protest" on the basis of "a lack of jurisdiction" at the beginning of the hearing "without hearing any evidence." Nonetheless, he argues that GCAD made "mistakes in allowing a hearing to progress to the point of issuance of an order" and GCAD's "complete failure" to dismiss his protest before the hearing commenced unintentionally conferred jurisdiction. In effect, Harvey argues that because GCAD scheduled a hearing and allowed him to appear at the hearing, he must be deemed to have exhausted his administrative remedies. There is no support for this position in the Tax Code or

10

the cases on which Harvey relies. *Teel*—in which the appraisal review board expressly determined that it had jurisdiction, resolved the property owner's protest on its merits, and issued a final, appealable order—is readily distinguishable on its facts and thus inapplicable. 129 S.W.3d at 728–29.

**D.    Trial court erred in denying GCAD's plea to the jurisdiction**

Harvey concedes that he owed some amount in 2016 property taxes even if he were to prevail on his protest. Yet Harvey admittedly did not submit any tax payment by the delinquency date. Accordingly, the ARB dismissed his protest for lack of jurisdiction. And the ARB did not otherwise confer jurisdiction. As a result, the trial court had no jurisdiction to consider the merits of Harvey's appeal. *See U. Lawrence*, 368 S.W.3d at 27–30. The trial court erred in denying GCAD's plea to the jurisdiction, and its order must be reversed.

**Harvey's Due Process Argument**

Harvey argues that he has been denied due process because he was not permitted to present evidence at the ARB protest hearing before his tax protest was dismissed. In the tax assessment and collection context, "due process only affords a right to be heard before final assessment; it does not detail the review mechanism." *MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 629 (Tex. App.—Austin 2005, pet. denied). "Texas courts have held that, in cases involving taxation, due process is satisfied if the taxpayer is given an opportunity

11

to be heard before an assessment board at some stage of the proceedings." *A.B.T. Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.*, 137 S.W.3d 146, 155 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The distinction here is that Harvey was given an opportunity to be heard but he forfeited that opportunity by not timely submitting a tax payment on the undisputed portion of his tax liability.

The Tax Code provides procedural due process for property owners to pursue a tax protest. *See* TEX. TAX CODE §§ 41.41 (authorizing property owner to pursue tax protest with appraisal review board), 41.411(a) (authorizing protest on failure to obtain necessary and timely notice). But to protest a tax appraisal, the property owner must meet statutory deadlines and exhaust administrative remedies. *U. Lawrence*, 368 S.W.3d at 27 (stating that Tax Code details administrative procedures to contest property taxes and that compliance is jurisdictional prerequisite to pursuing review). Harvey did not.

Because Harvey was afforded an opportunity to protest his tax appraisal, we conclude he was not denied due process. *See A.B.T. Galveston*, 137 S.W.3d at 155; *Cf. Cent. Appraisal Dist. of Rockwall Cty. v. Lall*, 924 S.W.2d 686, 693 (Tex. 1996) (rejecting open-courts constitutional challenge to Section 42.08's requirement that taxpayer pay taxes on undisputed portion of taxable value to avoid forfeiture); *Sonne v. Harris Cty. Appraisal Dist.*, No. 01-12-00749-CV, 2014 WL 2933227, at *7 (Tex. App.—Houston [1st Dist.] June 26, 2014, no pet.) (mem.

12

op.) (rejecting property owner's constitutional challenge to Section 42.08 based on due process and access to courts).

We sustain GCAD's first issue. We therefore we do not reach its second issue.

## Disposition of Remand or Render

Generally, litigants are permitted an opportunity to amend to cure pleading defects when their pleadings do not allege sufficient jurisdictional facts. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849, 854 (Tex. App.—Austin 2018, pet. filed) (remanding to allow tax-protest appellee opportunity to amend pleadings that had not affirmatively negated possible existence of jurisdiction). Here, however, there is no pleading defect; rather, there is a failure to exhaust administrative remedies to confer jurisdiction. *See Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that appellee failed to exhaust administrative remedies and that trial court therefore erred in denying taxing authority's plea to jurisdiction because trial court lacked subject-matter jurisdiction; rendering judgment of dismissal for taxing authority). Accordingly, there is no basis for remand. A judgment of dismissal is appropriate.

**Conclusion**

We reverse the trial court's order denying Grimes County Appraisal District's plea to the jurisdiction and render judgment dismissing the case for lack of subject-matter jurisdiction.

Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Higley, and Landau.