**Opinion issued February 19, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00501-CV

_____

**HARRIS CENTRAL APPRAISAL DISTRICT F/K/A HARRIS COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**LXMI ASHFORD POINTE PROPERTY OWNER, LLC, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-70699**

---

## MEMORANDUM OPINION

A property owner may seek judicial review of a decision by an appraisal review board in a tax protest over the appraised value of real property. But the property owner must timely pay a portion of the taxes or forfeit the right to judicial review—a well-established jurisdictional prerequisite to suit. Harris Central

Appraisal District *f/k/a* Harris County Appraisal District filed this interlocutory appeal challenging the denial of its plea to the jurisdiction.[1] HCAD argues that LXMI Ashford Pointe Property Owner, LLC did not present competent evidence that it timely paid any portion of its property taxes, and therefore the trial court lacked subject-matter jurisdiction. We affirm.

## Background

LXMI owns an apartment complex in Houston. It sued HCAD to challenge the appraised value of the complex for the 2022 tax year. *See* TEX. TAX CODE §§ 42.01 (Right of Appeal by Property Owner), 42.21 (Petition for Review).

HCAD filed a plea to the jurisdiction asserting that LXMI did not pay any of its ad valorem taxes before February 1, 2023, the undisputed delinquency date, which deprived the trial court of subject-matter jurisdiction. *See id.* §§ 42.08(b) (providing that property owner who appeals final ARB order "must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date" or "forfeit[] the right to proceed to a final determination of the appeal"), 31.02(a) (stating that, with exceptions not relevant here, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed"). HCAD presented a certified tax receipt showing that it received LXMI's tax payment on February 17, 2023. LXMI

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

responded with evidence that its tax payment was timely mailed on January 31, 2023. At a hearing on the plea to the jurisdiction, HCAD objected to some of LXMI's exhibits—a declaration from LXMI's corporate representative and an affidavit from its third-party tax agent—but the trial court did not rule on the objections, and HCAD did not object that the trial court refused to rule. The trial court denied the plea to the jurisdiction.

HCAD then moved for reconsideration of this ruling. It argued that the envelope in which LXMI mailed its tax payment was postmarked on February 1, 2023, rendering the payment late. HCAD attached a copy of an envelope postmarked on February 1, 2023, and a tracking printout from the United States Postal Service stating: "Shipping Label Created, USPS Awaiting Item" on the same date. LXMI responded in part by adopting by reference its response to the plea to the jurisdiction. LXMI also objected to HCAD's new evidence on the grounds of relevance, speculation, and lack of authentication. Specifically, LXMI objected that no evidence established the envelope was "the one associated with" its tax payment, and HCAD's evidence did not controvert LXMI's evidence that it mailed the tax payment on January 31, 2023. The trial court denied the motion and sustained LXMI's objections to HCAD's evidence. This appeal followed.

**Subject-Matter Jurisdiction**

In a single issue on appeal, HCAD contends that the trial court erred by denying the plea to the jurisdiction because LXMI did not present competent evidence to demonstrate that it timely paid its taxes, and therefore the trial court lacked subject-matter jurisdiction.

**A.      Governing Law**

Each year, the county appraisal district appraises all taxable property in the district and notifies each property owner of the appraised value of its property and the amount of taxes due. *Id.* §§ 23.01(a) (Appraisals Generally), 25.01(a) (Preparation of Appraisal Records), 25.19(a) (Notice of Appraised Value). The property owner may protest the appraised value of its property by filing a protest with the appraisal review board. *See id.* § 41.41(a) (Right of Protest). The ARB then conducts a hearing on the protest and issues a written decision. *See id.* §§ 41.45(a) (Hearing on Protest), 41.47(a) (Determination of Protest). The property owner may seek judicial review of the ARB's decision by filing an appeal to district court. *See id.* §§ 42.01(a) (Right of Appeal by Property Owner), 42.21(a) (Petition for Review).

But the Tax Code requires the property owner to pay some amount of taxes before the statutory delinquency date as a jurisdictional prerequisite to the district court's subject-matter jurisdiction over the property owner's appeal. *Id.* § 42.08(b) (stating that, with exception not applicable here, "a property owner who appeals as

4

provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal"); *Grimes Cnty. Appraisal Dist. v. Harvey*, 573 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2019, no pet.). The taxes are delinquent if not paid before February 1 of the year following the year in which the taxes are assessed.[2] *See* TEX. TAX CODE § 31.02(a).

The Tax Code does not require that HCAD receive payment by the delinquency date. Rather, when a property owner sends the payment by mail, the payment is timely if it is properly addressed with postage or handling charges prepaid and:

> (1)    it is sent by regular first-class mail and bears a post office cancellation mark of a date earlier than or on the specified due date and within the specified period; [or]
>
> \* \* \* \*
>
> (3)    it is sent by regular first-class mail or common or contract carrier and the property owner furnishes satisfactory proof that it was deposited in the mail or with the common or contract carrier on or before the specified due date and within the specified period.

*Id.* § 1.08(1), (3).

---

[2]    Section 31.02 contains exceptions not relevant here. *See* TEX. TAX CODE § 31.02(a).

**B.    Standard of Review**

Because prepayment of taxes is a jurisdictional prerequisite to a suit for judicial review of a tax protest, a property owner's compliance with section 42.08 may be challenged by a plea to the jurisdiction. *Harvey*, 573 S.W.3d at 433. The trial court decides a plea to the jurisdiction by reviewing the pleadings and any jurisdictional evidence submitted by the parties. *Storguard Invs., LLC v. Harris Cnty. Appraisal Dist.*, 369 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (op. on reh'g). We review de novo the trial court's ruling on the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004).

When, as here, the movant challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *Id.* at 227. This standard generally mirrors the summary-judgment standard of review. *Id.* at 228. We review the relevant evidence to determine if a fact issue exists. *Id.* at 227. If it does, the trial court cannot grant the plea to the jurisdiction, and the jurisdictional issue will be resolved by the factfinder. *Id.* at 227–28. But if the evidence is undisputed or does not raise a fact question on the jurisdictional issue, the trial court must rule on the plea as a matter of law. *Id.* at 228.

**C.    Analysis**

HCAD contends that LXMI's evidence was not competent to show that LXMI timely paid its taxes as required to maintain a suit for judicial review of its tax

6

protest. HCAD primarily challenges a declaration from LXMI's corporate representative on the grounds that it lacks personal knowledge and contains hearsay and conclusory statements about the timeliness of the tax payment. HCAD also challenges an affidavit from LXMI's third-party tax agent as lacking personal knowledge.

The parties do not dispute that LXMI's ad valorem taxes for the 2022 tax year at issue here were delinquent if not paid before February 1, 2023. *See* TEX. TAX CODE § 31.02(a). LXMI was not required to show that HCAD received payment by the delinquency date. Rather, LXMI's tax payment was timely if it was properly addressed with postage or handling charges prepaid and "it [was] sent by regular first-class mail . . . and the property owner furnishes satisfactory proof that it was deposited in the mail . . . on or before" the delinquency date.[3] *See id.* § 1.08(3).

In response to HCAD's plea to the jurisdiction and motion for reconsideration, LXMI relied primarily on a declaration from its corporate representative, Anthony Gupta, who stated that LXMI's third-party tax agent, CoreLogic, delivered the tax payment to the post office in Coppell, Texas, on January 31, 2023. This declaration attached several documents, including an affidavit from Stephen Jones, a senior leader at CoreLogic Commercial Real Estate Services, Inc. Jones stated that two

---

[3] Section 1.08 provides two additional methods of establishing timely payment, but subsection (3) is the only method at issue in this appeal. *See id.* § 1.08.

CoreLogic employees drove LXMI's tax payment to the post office and mailed it on January 31, 2023. Gupta's declaration also attached a news article reporting that an ice storm "in the Dallas-Fort Worth Metroplex and surrounding areas" caused a delay in the delivery of mail from the United States Postal Service and common carriers. HCAD argues that Gupta's declaration and Jones' affidavit were incompetent because they were not based on personal knowledge, and Gupta's declaration contained hearsay and conclusory statements.

Lack of personal knowledge and hearsay are formal defects that must be preserved for appellate review. *Harris Cent. Appraisal Dist. v. Houston Pipe Line Co*, 706 S.W.3d 568, 577 (Tex. App.—Houston [1st Dist.] 2024, no pet.). To preserve error, the record must show that the party timely objected in the trial court and either obtained an adverse ruling or the trial court refused to rule and the party objected to the refusal to rule. TEX. R. APP. P. 33.1(a). A failure to rule is not a refusal to rule. *Houston Pipe Line Co*, 706 S.W.3d at 577. To preserve error based on a refusal to rule, the party must object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2)(B).

HCAD did not file any written objections to LXMI's evidence. At a hearing on the plea to the jurisdiction, however, HCAD objected to Gupta's declaration on the grounds that it demonstrated a lack of personal knowledge and contained hearsay and conclusory statements. But the trial court did not rule on these objections. At the

8

end of the hearing, HCAD requested "a ruling on whether [LXMI] has complied with Section 1[.]08 1, 2, and 3," the provisions establishing timely payment of ad valorem taxes. The court responded that it would "rule on [HCAD's] plea to the jurisdiction which is set for today."

The record does not show that the court ruled or refused to rule on HCAD's objections to Gupta's declaration. *See Houston Pipe Line Co*, 706 S.W.3d at 577 (stating that trial court's failure to rule is not refusal to rule). But to the extent the court did refuse to rule, HCAD did not object to the refusal. *See* TEX. R. APP. P. 33.1(a)(2)(B); *Houston Pipe Line Co*, 706 S.W.3d at 577 ("[A] party must confront the trial court with its failure to rule and object to that failure before the trial court can be said to have refused to rule for purposes of error preservation."). Moreover, HCAD did not object at all to Jones' affidavit. *See* TEX. R. APP. P. 33.1(a). Accordingly, HCAD waived its objections to any formal defects in the affidavit and declaration, including hearsay and lack of personal knowledge.

A conclusory statement in an affidavit, however, is a substantive defect that may be raised for the first time on appeal. *Houston Pipe Line Co*, 706 S.W.3d at 577. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Lenoir v. Marino*, 469 S.W.3d 669, 686 (Tex. App.—Houston [1st Dist.] 2015) (op. on reh'g) (quotation omitted), *aff'd*, 526 S.W.3d 403 (Tex. 2017). The underlying facts can be supplied in the affidavit itself or in attachments to the

affidavit. *Id.* at 686–87. Conclusory statements do not establish the existence of a fact. *Id.* at 686.

HCAD first argues that Gupta's declaration contained "mere conclusory statements that timely payment was established when it wired funds to a third-party vendor on January 27, 2023, and the vendor's unidentified employees allegedly delivered [LXMI's tax payment] to the post office on January 31, 2023." We disagree.

In relevant part, Gupta declared:

> 4.    On January 30, 2023, through February 2, 2023, the Dallas/Fort Worth, Texas metroplex experienced a significant ice storm that impacted several national shipping operators, including Federal Express and the United States Postal Service, by either forcing certain locations to operate with limited staff or by forcing certain locations to close entirely.
>
> 5.    On January 31, 2023, CoreLogic delivered eight (8) bins of mail to the United States Postal Service located at [an address in] Coppell, Texas . . . . Included in the eight bins of mail was a check paying the ad valorem tax liability owed on the Property for the 2022 tax year for the Harris County Tax Office . . . .

This declaration attached an affidavit by Jones, a CoreLogic employee who stated that two CoreLogic employees delivered LXMI's tax payment to the post office and mailed it on January 31, 2023. Thus, Gupta's statements were supported by the affidavit of Jones, a CoreLogic employee. *See id.* at 686–87 (stating that statement is not conclusory if it provides underlying facts supporting conclusion, and facts can be in affidavit itself or attachments to it). Contrary to HCAD's assertion, Gupta did

10

not state that timely payment was established. Instead, he stated underlying facts establishing the conclusion that payment was timely, and these facts and the conclusion were supported by Jones' affidavit.

HCAD also argues that LXMI's declaration "is conclusory and offers no substantive facts or documentation to support the alleged claims and therefore does not constitute competent evidence." HCAD does not identify the "alleged claims" or provide any substantive analysis of this assertion. Instead, HCAD relies on a decision from a previous panel of this Court to argue that LXMI's evidence was insufficient to establish timely payment. *See Harris Cnty. Appraisal Dist. v. 4085 Westheimer Holdings, Ltd.*, No. 01-20-00325-CV, 2021 WL 2424927 (Tex. App.—Houston [1st Dist.] June 15, 2021, no pet.) (mem. op.).

In that case, the property owners filed a verified response to a plea to the jurisdiction alleging that they had "confirmed with their accountants that the property taxes for the subject property were timely paid," but the property owners did not support the allegation with affidavits from the accountants or any other competent evidence. *Id.* at *5. We held that the allegations were conclusory and did not raise a fact issue on whether the property owners timely paid the taxes. *Id.* Here, by contrast, LXMI supported its allegations with an affidavit from CoreLogic employee Jones, who averred that two CoreLogic employees drove LXMI's tax

payment to the post office and mailed it on January 31, 2023. Thus, *4085 Westheimer Holdings* does not support HCAD's argument.

Finally, HCAD argues that neither Gupta nor Jones had first-hand knowledge of their statements. But as we concluded above, HCAD waived formal defects, including lack of personal knowledge, by failing to object to Jones' affidavit and to obtain a ruling on the objections to Gupta's declaration. *See* TEX. R. APP. P. 33.1(a); *Houston Pipe Line Co*, 706 S.W.3d at 577.

We conclude that LXMI's evidence was not conclusory and that it raised a fact issue on whether LXMI deposited its tax payment in the mail on January 31, 2023, before the delinquency date. *See* TEX. TAX CODE § 1.08(3). The trial court therefore could not grant the plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227–28. Accordingly, we hold that the trial court did not err by denying the plea to the jurisdiction.

We overrule HCAD's sole appellate issue.

## Conclusion

We affirm the trial court's order denying the plea to the jurisdiction.


David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

12